O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5931 AHM (RZx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | LA USA DYEING & FINISHING S.A. v. YOUNG WON KONG, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**         IN CHAMBERS (No Proceedings Held)

On August 13, 2009, Plaintiff filed this action based on diversity jurisdiction under 28 U.S.C. § 1332. However, diversity jurisdiction is not evident from the face of the Complaint because Plaintiff fails to allege the citizenship of several individual defendants, and because this Court does not have jurisdiction when an alien alone sues a citizen and an alien.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different State." 28 U.S.C. § 1332(a). To be "a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (emphasis in original). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In addition, a federal court does not have diversity jurisdiction when an alien alone sues both a citizen defendant and an alien defendant. *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) ("Where an alien is made co-defendant with a citizen-defendant by an alien plaintiff, . . . there is no jurisdiction over the alien. If the alien defendant is indispensable . . . there is no jurisdiction at all."); William Schwarzer, et al., *Federal Civil Procedure Before Trial* ¶ 2:353 (2009).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5931 AHM (RZx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | LA USA DYEING & FINISHING S.A. v. YOUNG WON KONG, et al. | | |

The Complaint alleges that individual defendants Young Won Kong, Clara Minshin Kong, and Kyu Young Kang are residents of California. It does not allege the state citizenship of those defendants, and therefore does not establish diversity of citizenship. *See* Compl. ¶¶ 2-3, 10, 14.

In addition, Plaintiff alleges that it is a corporation incorporated under the laws of Guatemala and having its principal place of business in Guatemala. Individual defendant Hwa Soo Kim is allegedly a citizen of Korea. Compl. ¶ 14. Thus, this action is brought by a single alien suing a defendant who is an alien (and may or may not be indispensable), along with some defendants who may or may not be citizens.

Accordingly, the Court hereby ORDERS Plaintiff TO SHOW CAUSE on or before **August 27, 2009**, why this action should not be dismissed for lack of diversity jurisdiction.

Failure to respond on or before that date will be construed as consent to dismissal.

                                                                                    :
                                                Initials of Preparer        se